MJL:BTR
F.#2006R01887
OCDETF-NYE476

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 20 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

FRANK PAUL ADAMITA,

            Defendant.

- - - - - - - - - - - - - - X

C R **I N F O R M A T I O N**
Cr. No. __07  135__
(T. 21, U.S.C., §§
841(1)(B)(vii), 846 and
853(p); T. 18, U.S.C., §§
3551 et seq.)

WEXLER, J.

LINDSAY, M.

THE UNITED STATES ATTORNEY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Distribute and Possess
with the Intent to Distribute Marijuana)

1. On or about and between January 1, 2000 and October 25, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANK PAUL ADAMITA, together with others, did knowingly and intentionally conspire to distribute and to possess with intent to distribute a controlled substance, which offense involved 100 or more marijuana plants and 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(vii); Title 18, United States Code, Sections 3551 <u>et seq.</u>)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(p), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to, a sum of money equal to at least approximately $500,000 in United States currency.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136